UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE, | No. 2:16-cv-2539-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| WACKENHUT 645 CORPORATION, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Patrick Blackshire, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that this action is barred by the doctrine of claim preclusion. Accordingly, the court recommends that the action be dismissed with prejudice and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action...The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

In this case, plaintiff alleges that, on or about August 23, 2009, he was unlawfully assaulted with pepper spray and attacked by a security officer employed by defendant Wackenhut Corporation, resulting in various forms of damages. However, the court documents attached to plaintiff's complaint demonstrate that, in 2010, plaintiff filed a lawsuit in the Sacramento County Superior Court regarding the same incident and against the same defendant, which was ultimately dismissed with prejudice on June 8, 2012. (See generally ECF No. 1.) As such, the doctrine of claim preclusion plainly bars this action.

In his complaint, plaintiff appears to offer various reasons why the court should nonetheless entertain the present action, including periods of incarceration, lack of legal training,

and mental impairments. Although the court is not unsympathetic to plaintiff's difficulties, the court has no authority to ignore the doctrine of claim preclusion, which is binding on this court. If plaintiff believes that the state court improperly dismissed the state court action, the appropriate remedy would have been for plaintiff to seek relief in the state appellate courts.

Finally, the court notes that this is not the first time that plaintiff has attempted to relitigate his grievances against defendant in this court. On October 15, 2012, plaintiff filed in this court a prior action against defendant concerning the same incident, which was ultimately dismissed on claim preclusion grounds on June 11, 2013. See Blackshire v. Wackenhut Corporation, 2:12-cv-2568-MCE-GGH. Plaintiff is cautioned that future filing of actions in this court against defendant related to the same incident may lead to the imposition of sanctions, including his potential declaration as a vexatious litigant.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

3

waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 28, 2016

                                               */s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE